# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:92-CR-0204 |
| | : | |
| | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| EDDIE JENNINGS, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### AUGUST 15, 2017

Petitioner Eddie Jennings filed a Motion to Correct Sentence Under 28 U.S.C. § 2255. For the reasons discussed below, his petition is dismissed as untimely.

**I.   BACKGROUND**

On November 24, 1992, a jury found Eddie Jennings guilty of assault on a correctional officer[1] and destruction of government property.[2] On February 18, 1993, this Court sentenced him to 36 months' imprisonment for those crimes.[3] He continues to serve that sentence in a federal penitentiary.

---

[1] 18 U.S.C. § 111.

[2] 18 U.S.C. § 1361.

[3] This Court determined that the sentence should run consecutively to any term he was then serving.

On June 21, 2016, Mr. Jennings filed a Motion to Correct Sentence Under 28 U.S.C. § 2255. In his petition, he alleged that he was sentenced as a "career offender" under the United States Sentencing Guidelines ("Guidelines"); that his career offender status was determined using the Guidelines' "residual clause"; that the Guidelines' residual clause is unconstitutionally vague in light of *Johnson v. United States*;[4] and that his sentence, therefore, should be vacated and corrected.

On September 15, 2016, this Court stayed proceedings on Mr. Jennings' petition in light of the Supreme Court's grant of a writ of certiorari in *Beckles v. United States*.[5] The *Beckles* decision was issued on March 6, 2017,[6] and the stay of Mr. Jennings' petition was lifted the same day. The United States responded to the petition on April 19, 2017, and Mr. Jennings replied to that response on April 28, 2017.

## II. LAW

A petition filed under 28 U.S.C. § 2255 faces a one-year period of limitations that runs from:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[4] 135 S.Ct. 2551 (2015).

[5] 136 S.Ct. 2510 (2016).

[6] *Beckles v. United States*, 137 S.Ct. 886 (2017).

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[7]

When a petitioner is relying on "a right . . . newly recognized by the Supreme Court" – *i.e.*, the limitations provision of 28 U.S.C. § 2255(f)(3) – he must point to a "new rule" on which he relies.[8] As the Supreme Court has noted, a "new rule" in this context is one "not dictated by precedent existing at the time the [petitioner's] conviction became final."[9] If a Supreme Court holding was not "apparent to all reasonable jurists" at the time it was rendered, it was not "dictated by" existing precedent and is, therefore, a "new rule."[10]

Here, as his "new rule," Mr. Jennings points to *Johnson*, where the Supreme Court held that a provision of the Armed Career Criminal Act ("ACCA") was

---

[7] 28 U.S.C. § 2255(f).

[8] The phrase "new rule" comes from 28 U.S.C. § 2255(h)(2), which regulates defendants' second or successive petitions for postconviction relief. Although 28 U.S.C. § 2255(f)(3) refers not to a "new rule" but to a "right . . . newly recognized," courts have treated this language similarly. *See Dodd v. United States*, 545 U.S. 353, 359 (2005) (discussing the "interplay" between § 2255(f)(3) and (h)(2)); *see also United States v. Swinton*, 333 F.3d 481, 485 (3rd Cir. 2003) (noting that the language of § 2255(f)(3) and (h)(2) is "somewhat different" but concluding that an eligible Supreme Court holding can "establish[] a constitutional right under the applicable language of both provisions").

[9] *Teague v. Lane*, 489 U.S. 288, 301 (1989).

[10] *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (citations and internal quotation marks omitted).

unconstitutional.[11] A defendant convicted under the ACCA normally faces up to 10 years' imprisonment;[12] a defendant with three or more earlier convictions for either a "serious drug offense" or a "violent felony," however, faces a minimum of 15 years' imprisonment.[13] A "violent felony," in turn, is defined to include, *inter alia*, an offense punishable by more than one year imprisonment that "*involves conduct that presents a serious potential risk of physical injury to another*."[14] These last thirteen words, which seek to capture crimes not otherwise covered by the remainder of the ACCA's definition of "violent felony," have become known as the "residual clause."[15] In *Johnson*, the Supreme Court, "convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges," held the clause unconstitutionally vague and violative of due process.[16]

After *Johnson* was decided, a number of defendants challenged sentences imposed pursuant a residual clause in the Guidelines.[17] Noting that the Guidelines'

---

[11] 135 S.Ct. 2551 (2015).

[12] 18 U.S.C. §924(a)(2).

[13] 18 U.S.C. § 924(e)(1).

[14] 18 U.S.C. § 924(e)(2)(B) (emphasis added).

[15] *Johnson*, 135 S.Ct. at 2556.

[16] *Id.* at 2557.

[17] Under the Guidelines (both the version under which Mr. Jennings was sentenced and the current version), a defendant is eligible for an enhanced sentence as a "career offender" if, *inter alia*, his instant conviction is a felony that is a "crime of violence" and he has at least two prior felony convictions for "crime[s] of violence." U.S.S.G. §4B1.1. For many years

residual clause is identical to the unconstitutionally vague residual clause in the ACCA, the defendants argued that their sentences, too, were constitutionally problematic. Some courts were receptive to this approach, and others were not. In *United States v. Calabretta*, for example, the United States Court of Appeals for the Third Circuit, relying on *Johnson*, held the Guidelines' residual clause unconstitutionally vague;[18] the United States Court of Appeals for the Eleventh Circuit, in *In re Griffin*, came to the opposite conclusion.[19] The Supreme Court solved some of this confusion in *Beckles* when it held that the Guidelines – including their residual clause – are not subject to vagueness challenges,[20] at least in cases where the Guidelines were merely advisory.[21]

---

    (including the year Mr. Jennings was sentenced), the Guidelines defined "crime of violence" to include, *inter alia*, an offense punishable by more than one year imprisonment that "*involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. §4B1.2(1) (1992) (emphasis added). The Guidelines' residual clause has since been eliminated. U.S.S.G. Amendment 798 (effective August 1, 2016).

[18] 831 F.3d 128 (3rd Cir. 2016).

[19] 823 F.3d 1350, 1354 (11th Cir. 2016) (Holding that, even in light of *Johnson*, "the Guidelines – whether mandatory or advisory – cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge.").

[20] 137 S.Ct. 886 (2017).

[21] *See United States v. Booker*, 543 U.S. 220 (2005).

## III. ANALYSIS

Mr. Jennings' petition is untimely. It is true that *Johnson* announced a "new rule" providing relief to defendants sentenced under the ACCA's residual clause.[22] In light of *Beckles*, however, it is clear that *Johnson* did not announce a "new rule" providing relief to defendants sentenced pursuant to the Guidelines' residual clause – even if those defendants were sentenced when the Guidelines were mandatory.

*Johnson* dealt with the ACCA, not the Guidelines, and Mr. Jennings' assertion is that he was sentenced pursuant to the Guidelines' residual clause, not the ACCA's. Although some courts, including our Court of Appeals, have determined that the Guidelines' residual clause is unconstitutionally vague "in light of" *Johnson*,[23] that conclusion is not "dictated by" *Johnson*.[24] Nor, as was illustrated in *Beckles*,[25] has it yet been "recognized" by the Supreme Court.[26]

---

[22] *See Welch v. United States*, 136 S.Ct. 1257 (2016).

[23] *Calabretta*, 831 F.3d at 137.

[24] As noted above, a holding is "dictated by precedent" if it was "apparent to all reasonable jurists" at the time a defendant's conviction became final. *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (internal citations and quotation marks omitted). In light of contrary decisions like *In re Griffin*, the holding in *Calabretta* was not "dictated by" *Johnson*. Therefore, even if the Supreme Court answers the question left open in *Beckles* and holds that the *mandatory* Guidelines' residual clause is unconstitutionally vague, that holding would be a "new rule," which may start the 28 U.S.C. § 2255(f)(3) clock.

[25] *Beckles v. United States*, 137 S.Ct. 886, 903 n.4 (2017) (Sotomayor, J., concurring in the judgment) (noting that the majority opinion "leaves open the question whether defendants sentenced to terms of imprisonment [in cases where the Guidelines were mandatory] may mount vagueness attacks on their sentences[, because t]hat question is not presented by this case and I, like the majority, take no position on its appropriate resolution.").

[26] The limitations provision of 28 U.S.C. § 2255(f)(3) runs from "the date on which the right asserted was initially recognized *by the Supreme Court*" – not a Circuit Court, even if that

Therefore, Mr. Jennings cannot rely on 28 U.S.C. § 2255(f)(3), and his petition, filed more than one year after his conviction became final in 1993,[27] must be dismissed.[28]

## IV. CONCLUSION

Because Mr. Jennings' petition was filed more than one year after his conviction became final, and because he is unable to rely on the limitations provision of 28 U.S.C. § 2255(f)(3), his petition is untimely and is, therefore, dismissed. Because "reasonable jurists could debate whether [his] petition should have been resolved in a different manner,"[29] however, the court grants a certificate of appealability on this issue.[30]

---

Circuit is our own. Even were the Supreme Court to recognize such a right, furthermore, it is not a foregone conclusion that the rule would be "made retroactively applicable to cases on collateral review" like this one. *See, e.g.*, *In re Griffin*, 823 F.3d at 1355.

[27] 28 U.S.C. § 2255(f)(1).

[28] Many United States District Courts have come to the same conclusion on this matter. *See, e.g.*, *Hirano v. United States*, 2017 WL 2661629 (D. Haw. June 20, 2017); *United States v. Brigman*, 2017 WL 3267674 (D. Kan. Aug. 1, 2017); *see also United States v. Kenney*, 2016 WL 7117919 at *4 (M.D. Pa. Dec. 7, 2016) (holding, before *Beckles* was decided, that a similar § 2255 petition did not fall under the limitations provision of 28 U.S.C. § 2255(f)(3) because it "s[ought] to assert a new right that has not [yet] been recognized by the Supreme Court") (internal citation and quotation marks omitted).

[29] *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

[30] *See* Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts (requiring a United States District Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant").

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge